## UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: DROPLETS, INC., PATENT LITIGATION**                     MDL No. 2403

## ORDER DENYING TRANSFER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, patentholder Droplets, Inc. (Droplets) moves to centralize this litigation in the Northern District of Texas, or, in the alternative, the Southern District of New York.  The motion encompasses the six patent infringement actions listed on Schedule A, one in the Southern District of New York, two in the Eastern District of Texas, and three in the Northern District of California.[1]

All defendants[2] oppose centralization.  More particularly, defendants in the first-filed Southern District of New York *E*Trade* action argue that, at a minimum, centralization should be delayed until the presiding judge rules on their pending summary judgment motion.  If the Panel orders centralization over their objections, the *E*Trade* defendants favor either the Northern District of California or the Southern District of New York as transferee district.  Defendants in the three Northern District of California actions and the Eastern District of Texas *Target* action argue that if the actions are centralized, the MDL should be in the Northern District of California.  Defendants in the Eastern District of Texas *eBay* action do not propose a transferee district.

After considering all argument of counsel, we will deny the motion for centralization. Undoubtedly, these six infringement actions share factual issues with respect to the same two

---

[*]  More than three Panel members have interests that would normally disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter.  Accordingly, the Panel invoked the Rule of Necessity and all Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407.  *See In re Adelphia Comm'ns Corp. Sec. & Derivative Litig. (No. II),* 273 F. Supp. 2d 1353 (J.P.M.L. 2003); *In re Wireless Telephone Radio Frequency Emissions Prods. Liab. Litig.,* 170 F. Supp. 2d 1356 (J.P.M.L. 2001).

[1]  The four actions outside the Eastern District of Texas were all commenced in that district, but were subsequently transferred to their present jurisdictions, over Droplets' opposition, under 28 U.S.C. § 1404(a).

[2]  Defendants in the Southern District of New York action (*E*Trade*) are three E*Trade entities, four Schwab entities, two Merrill Lynch entities, OptionsHouse, LLC, Peak6 Investments, L.P., two Scottrade entities, two TD Ameritrade entities, and three Zecco entities.  Defendants in the two Eastern District of Texas actions are eBay Inc., Overstock.com, Inc., three Sears entities, and two Target entities.  Defendants in the three Northern District of California actions are Amazon.com, Inc., Apple Inc., Google, Inc., Facebook, Inc., Yahoo! Inc., YouTube, LLC, Nordstrom, Inc., and Williams-Sonoma, Inc.

- 2 -

Droplets patents,[3] and centralization likely would avoid some duplicative discovery, as well as eliminate the risk of inconsistent rulings on the construction of certain claims and other pretrial matters. At the same time, however, the claim terms in dispute are not identical from action to action (although there is some overlap). In addition, the six actions are pending in just three districts. The two Eastern District of Texas actions are before the same judge, and the record shows that they are being handled in a coordinated fashion. Similarly, it appears likely that the three Northern District of California actions will be related before one judge. In these circumstances, informal coordination among the three involved courts seems practicable – just as it does among the parties, given that Droplets is represented in all actions by the same law firm and defense counsel overlap, at least to some extent, in four actions (the three Northern District of California actions and the Eastern District of Texas *Target* action). *See In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378 (J.P.M.L. 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel and the common defendant was represented by the same counsel in all actions, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear[ed] viable").

Another consideration underlying our decision to deny centralization is that, contrary to Droplets' contention, not all actions are in their "infancy." The *eBay* action in the Eastern District of Texas, for example, has been pending since September 2011, and a *Markman* hearing in that case (and the related *Target* action) was scheduled for early December.[4] In the Southern District of New York *E\*Trade* action, a potentially case-dispositive motion is pending and has been fully briefed since early October. If that motion is granted, the remaining five actions will be pending in only two districts, further weakening the case for Section 1407 centralization. *Cf. In re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel.").

---

[3]    The two patents, which are the only patents at issue in these actions, are 6,687,745 (System and Method for Delivering a Graphical User Interface of Remote Applications over a Thin Bandwidth Connection) and 7,502,838 (System and Method for Delivering Remotely Stored Applications and Information).

[4]    We note that the two actions have been stayed, on Droplets' motion, and thus it appears that the hearing will not take place as scheduled.

- 3 -

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE: DROPLETS, INC., PATENT LITIGATION**                    MDL No. 2403

## SCHEDULE A

<u>Northern District of California</u>

Droplets, Inc. v. Williams Sonoma, Inc., C.A. No. 3:12-04047
Droplets, Inc. v. Amazon.com, Inc., et al., C.A. No. 5:12-03733
Droplets, Inc. v. Nordstrom, Inc., C.A. No. 5:12-04049

<u>Southern District of New York</u>

Droplets, Inc. v. E*Trade Financial Corporation, et al., C.A. No. 1:12-02326

<u>Eastern District of Texas</u>

Droplets, Inc. v. eBay, Inc., et al., C.A. No. 2:11-00401
Droplets, Inc. v. Target Corporation, et al., C.A. No. 2:12-00391